# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 4, 2016

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**RODNEY A. HAMBY,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0251** (BOR Appeal No. 2049816)
                    (Claim No. 2013025206)

**GENESIS RAIL SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rodney A. Hamby, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Genesis Rail Services, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 24, 2015, in which the Board affirmed a September 16, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 30, 2013, decision denying a request for a vocational rehabilitation referral. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hamby, a truck driver, injured his shoulder and cervical spine in the course of his employment on March 18, 2013, when he ran his truck into an embankment. Mr. Hamby was treated for the injury by Robert Kropac, M.D. Dr. Kropac diagnosed cervicodorsal musculoligamentous strain superimposed on degenerative disc disease and degenerative arthritis with cervical spinal stenosis and upper extremity radicular component as well as a contusion of the left shoulder with impingement syndrome associated with rotator cuff tendonitis. He opined that Mr. Hamby was temporarily and totally disabled until July 15, 2013, when he was released

1

to return to modified duty. Genesis Rail Services, Inc., stated in a letter on May 14, 2013, that it would offer Mr. Hamby light duty work structured around his restrictions. On October 8, 2013, Mr. Hamby was released to return to full duty work.

Two independent medical evaluations were performed by Joseph Grady, M.D. On June 20, 2013, Dr. Grady listed the diagnoses of cervical myofascial strain superimposed on multilevel degenerative changes and left shoulder myofascial strain superimposed on degenerative changes. He opined that Mr. Hamby was not at maximum medical improvement and needed steroid injections and physical therapy. On September 26, 2013, Dr. Grady found that Mr. Hamby had reached maximum medical improvement and had 5% impairment for his cervical spine. Mr. Hamby also underwent a functional capacity evaluation on July 2, 2013, in which it was determined that he could work at the sedentary level.

The claims administrator denied a request for a vocational rehabilitation referral on October 20, 2013. It stated that Mr. Hamby was released to return to full duty work by Dr. Kropac on October 8, 2013. It further stated that Genesis Rail Services, Inc., accommodated his light duty restrictions, and when he was released to return to full duty, they did not have any work available. The Office of Judges affirmed the decision in its September 16, 2014, Order. It stated that West Virginia Code § 23-4-9 (2005) provides for vocational rehabilitation services to assist workers in returning to suitable gainful employment. The Office of Judges concluded that the preponderance of the evidence shows that Mr. Hamby is able to return to suitable gainful employment. Dr. Grady evaluated him on September 26, 2013, and found he had reached maximum medical improvement. Shortly thereafter, on October 8, 2013, Mr. Hamby was seen by his treating physician, Dr. Kropac. Dr. Kropac found at that time that he could return to full duty work. The Office of Judges found no indication in any of Dr. Kropac's reports that Mr. Hamby is in need of vocational rehabilitation. The Office of Judges also found nothing to contradict Genesis Rail Services, Inc.,'s assertion that it had no jobs available. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 24, 2015.

On appeal, Mr. Hamby argues that he was laid off because he was released to return to work with restrictions that Genesis Rail Services, Inc., could not accommodate, and since he cannot return to his prior job, he asserts he is entitled to a vocational rehabilitation referral. Genesis Rail Services, Inc., argues that it is not responsible for retraining an able-bodied employee or creating a job for him when his skills are no longer needed. It asserts that Mr. Hamby's injury had no bearing on its need to downsize and that he is capable of finding another job doing comparable work so vocational services are not necessary.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The record shows that Mr. Hamby was injured, returned to work on light duty, and when he was released to return to full duty, there were no jobs available. His treating physician's notes state that he is fully capable of performing his work duties. There is no evidence in the record that Mr. Hamby requires vocational rehabilitation in order to find suitable gainful employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II